IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HILLARD ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 05 C 2512 |
| ) | |
| v. ) | |
| ) | Wayne R. Andersen |
| ) | District Judge |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Michael Hillard to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner was indicted on September 18, 2001 and charged with knowingly possessing a firearm, namely a Harrington & Richardson model 732 revolver, which had been transported in interstate commerce, on June 28, 2001 while being a convicted felon. On June 28th, Petitioner was operating a motor scooter around Alba Homes – a Chicago Housing Authority residence. The motor scooter lacked a valid Illinois license plate or temporary tags, thus prompting a routine stop by Chicago Police Department officers. When Petitioner was asked to produce identification, Petitioner stated that he did not have a driver's license or any other form of identification. The officers then directed the Petitioner to step off and away from his scooter. Petitioner responded by informing the officers that he had a gun in his pocket. The officers searched the Petitioner's rear right pocket and discovered the loaded gun.

Petitioner pleaded not guilty. The jury, however, found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) on March 6, 2002. The jury also found Petitioner in violation of 18 U.S.C. §§ 924(e), the Armed Career Criminal Act, because he had three prior convictions for violent felonies at the time he possessed the firearm. Petitioner pleaded guilty to a charge of residential burglary that occurred on June 30, 1986, a charge of attempted armed robbery that occurred on October 19, 1986, and a charge of armed robbery that occurred on October 20, 1986.

On July 11, 2002, this Court sentenced Petitioner to an incarceration term of 216 months for possession of a firearm by a felon. Petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, but that Court affirmed the conviction on July 16, 2003. Petitioner then filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.

## DISCUSSION

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. Such relief is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). If the reviewing court determines that such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In the instant case, Petitioner's motion to vacate his sentence is based on the Supreme Court's ruling in *Shepard v. United States*, 544 U.S. 13 (2005). The Supreme

Court in *Shepard* held that a sentencing court may not look to police reports in determining whether a burglary qualifies under the Armed Career Criminal Act. Additionally, the Supreme Court held that a later court determining the nature of "an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16. In reliance on *Shepard*, Petitioner argues that the Court unconstitutionally relied on police reports and "thumbing through records" when it found Petitioner met the standards of the Armed Career Criminal Act based on the three prior violent felony convictions. Petitioner further argues that *Shepard* should be held retroactive to his case and that the Court should vacate its finding that he met the standards of the Armed Career Criminal Act.

*Shepard*, however, is not retroactively applicable to collateral review of a final conviction. Decisions of the Supreme Court that result in a "new rule" apply to all pending criminal cases. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). If the conviction is final, then the new rule applies in select circumstances. *Id.* New substantive rules generally apply retroactively; however, new procedural rules generally do not. *Id.* at 352. The limited circumstance in which a procedural rule may be applied retroactively is "if it establishes one of those rare 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (quoting *Summerlin*, 542 U.S. at 352).

*Shepard* does not establish a watershed rule of criminal procedure. The Supreme Court in *Shepard* interpreted an already existing rule regarding what a court may look to when sentencing under the Armed Career Criminal Act. In *United States v. Booker*, the Supreme Court severed a provision on the Federal Sentencing Act after finding it unconstitutional. *United States v. Booker*, 543 U.S. 220 (2005). The Court in *McReynolds* held that *Booker* was not retroactively applicable to collateral review of final convictions because it was "not a 'watershed' change that fundamentally improves the accuracy of the criminal process." *McReynolds*, 397 F.3d at 481. Because the holding in *Shepard* did not establish a watershed rule of criminal procedure, *Shepard* should be not applicable retroactively to collateral review of final convictions, just as the *McReynolds* court found in *Booker*. Therefore, *Shepard* is not applicable to this case and Petitioner has no right to vacate his sentence.

## CONCLUSION

For all of the above stated reasons, the relief sought by Michael Hillard in his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

Wayne R. Andersen
United States District Judge

Dated: August 18, 2006

4